IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jeana K. Reinbold, solely as Chapter 7 | ) | |
| Trustee of the Bankruptcy Estate of | ) | |
| Chauncey Ramon Carnes, | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 20-cv-06214 |
| | ) | |
| *-vs-* | ) | |
| | ) | *(jury demand)* |
| City of Chicago and Chicago Police | ) | |
| Officers Delgado #4780 and Swank, | ) | |
| #11337, | ) | |
| *Defendants.* | ) | |

**ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES OF OFFICER**

**DELGADO AND OFFICER SWANK**

NOW COME Chicago Police Officer Delgado and Chicago Police Officer Swank (hereafter "Defendants"), by and through their attorneys, Eileen M. Letts and Peter F Heraty of ZUBER LAWLER & DEL DUCA LLP, and for their Answer, Jury Demand and Affirmative Defenses to Plaintiff's Complaint, state as follows:

## ANSWER

1.      This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

**ANSWER:  Defendants admit Plaintiff purports to bring this action pursuant to 42 U.S.C. §1983.  Defendants also admit this Court has jurisdiction under and by virtue of 28 U.S.C. §1343 and, to the extent that supplemental claims may be contained in the complaint, by 28 U.S.C. §1367.  Defendants deny that they deprived or violated Plaintiff's civil rights as alleged in the Complaint.**

2.      Plaintiff Jeana K. Reinbold brings this action solely in her capacity as Chapter 7 Trustee of the Bankruptcy Estate of Chauncey Ramon Carnes.

**ANSWER: On information and belief the Defendants admit the allegation in Paragraph 2.**

3.      Carnes filed a chapter 7 bankruptcy case in the United States Bankruptcy Court for the Central District of Illinois on April 29, 2020 which was assigned case number 20-80509. Plaintiff was appointed as chapter 7 trustee of Carnes's bankruptcy case on that date and continues to serve as trustee of the case.

**ANSWER: On information and belief the Defendants admit the allegation in Paragraph 3.**

4.      Pursuant such appointment, Plaintiff is charged with the duties of collecting and reducing to money the property of the bankruptcy estate for which the trustee serves for the benefit of the bankruptcy estate.

**ANSWER: On information and belief the Defendants admit the allegation in Paragraph 4.**

5.      Upon the filing of the bankruptcy case, Plaintiff became the owner and real party in interest with respect to the claims set forth in this complaint.

**ANSWER: On information and belief the Defendants admit the allegation in Paragraph 5.**

6.      On August 5, 2020, Plaintiff's application to hire undersigned counsel to assist the Plaintiff in pursuing and prosecuting the claims set forth in this complaint was allowed by the Bankruptcy Court.

**ANSWER: On information and belief the Defendants admit the allegation in Paragraph 6.**

7.      Chauncey Carnes is an African-American male.

**ANSWER: On information and belief the Defendants admit the allegation in Paragraph 7.**

8.      Defendant City of Chicago is a municipal corporation organized and existing under the laws of the State of Illinois.

**ANSWER: The defendants admit the allegation in Paragraph 8.**

9.      Defendant Chicago Police Officer Delgado, #4780 and Chicago Police Officer Swank, #11337 were at all times relevant acting under color of their office as police officers of defendant City of Chicago. Plaintiff sues defendants Delgado and Swank in their individual capacities.

**ANSWER: Defendants admit that at all relevant times they were acting in the course of their employment as police officers of defendant City of Chicago. Defendants make no reply to the remaining allegation in Paragraph 9 which is not a well pleaded fact.**

10.      On February 2, 2020 at about 10:00 p.m., Carnes was lawfully operating his motor vehicle in the City of Chicago, traveling westbound on 57th Street in the vicinity of South Stewart Avenue.

**ANSWER  The Defendants admit that on February 2, 2020 at about 10:00 <u>a.m.</u> Carnes was operating a motor vehicle westbound at or near 341 W. Marquette in the City of Chicago.  Defendants deny that Carnes was operating the vehicle lawfully.**

11. At the above-referred date, time, and place, defendants Delgado and Swank stopped Carnes's vehicle and ordered Carnes to produce documents showing that he was lawfully operating the vehicle.

**ANSWER: Defendants admit that Carnes was stopped and asked for proof of insurance and his driver's license. Defendants deny any further allegation in Paragraph 11 inconsistent with this Answer.**.

12. Neither defendant Delgado nor defendant Swank had a lawful basis to conduct the traffic stop and appear to have been motivated by their perceptions of Carnes's race.

**ANSWER: Defendants deny the allegations in Paragraph 12.**

13. Carnes complied with the officers' order and produced the requested documents, which showed that Carnes was lawfully operating the vehicle.

**ANSWER: Defendants admit that Carnes produced a driver's license and stated that his car was a rental. Defendants deny that Carnes produced the proof of insurance requested of him and deny any further allegations in Paragraph 13 inconsistent with this Answer.**

14. Defendants Delgado and Swank instructed Carnes to remain in his car and either Delgado or Swank walked to the officers' vehicle.

**ANSWER: Defendants admit the allegations in Paragraph 14.**

15. Shortly thereafter Delgado and Swank returned to Carnes, ordered him to step out of the car and handcuffed him.

**ANSWER: Defendants admit the allegations in Paragraph 15.**

16.     Neither defendant Delgado nor defendant Swank had a lawful basis to perform the above-described acts; these officers thereby subjected Carnes to an unreasonable seizure in violation of the Fourth Amendment.

**ANSWER:  Defendants deny the allegations in Paragraph 16 and deny that they lacked a lawful basis for their actions, that they subjected Carnes to an unreasonable seizure and that they violated the Fourth Amendment.**

17.     Defendants Delgado and Swank continued to detain Carnes while they searched his vehicle.

**ANSWER:  Defendants admit that Carnes was detained but deny that officer Swank searched the vehicle.  Officer Delgado does not recall whether she searched the vehicle.**

18.     The search did not turn up any contraband or any evidence of a crime.

**ANSWER:  Defendants admit that they found no evidence of contraband or a crime upon searching Carnes.  Defendants deny that officer Swank searched the vehicle.  Officer Delgado does not recall whether she searched the vehicle.  Defendants deny any further allegations in Paragraph 18 inconsistent with that answer.**

19.     Neither defendant Delgado nor defendant Swank had a lawful basis to continue to detain Carnes or to search his vehicle; these officers thereby subjected Carnes to an unreasonable search and seizure in violation of the Fourth Amendment.

**ANSWER:  Defendants deny the allegations in Paragraph 19 and deny that they lacked a lawful basis to continue to detain Carnes, deny that Officer Swank searched his vehicle and state that Officer Delgado does not recall whether she searched his vehicle.   Defendants deny that they had no lawful basis to search Carnes**

**vehicle and deny that they subjected Carnes to an unreasonable search and seizure and that they violated the Fourth Amendment.**

20.     Carnes remained at the scene with defendants Delgado and Swank until two additional officers arrived. At the direction of defendants Delgado and Swank, these officers searched Carnes and transported him to the Seventh District police station.

**ANSWER:  Defendants admit that Carnes remained at the scene with them until additional officers arrived.   Defendants deny that the additional officers searched Carnes.  Defendants admit that the additional officers transported Carnes to the Seventh District police station.  Defendants deny that they directed the additional officers to perform that act.**

21.     Neither defendant Delgado nor defendant Swank had a lawful basis to order the continued detention of Carnes or to order the search of his person; these officers thereby subjected Carnes to an unreasonable search and seizure in violation of the Fourth Amendment.

**ANSWER: Defendants deny the allegations in Paragraph 21, deny that they lacked a lawful basis to continue detaining Carnes or to search his person and deny that they subjected Carnes to an unreasonable search and seizure and deny that they violated the fourth Amendment.**

22.     As a direct and proximate result of the above described acts, Carnes was searched and detained in a cell at the Seventh District police for several hours until defendant Delgado or defendant Swank informed Carnes that there was no basis for his detention.

**ANSWER: Defendants admit that Carnes was searched and detained in a cell at the Seventh District police station. Defendants deny the remaining allegations in Paragraph 22 and deny that Carnes was detained for several hours and that either Defendant informed Carnes that there was no legal basis for his detention.**

23.     Carnes was released shortly thereafter without any charges after Delgado or Swank had admitted that there was no basis for his detention.

**ANSWER; Defendants admit that Carnes was released without charges after being held for a short time. Defendants deny the remaining allegations in Paragraph 23 and deny that either Defendant informed Carnes that there was no basis for his detention.**

24.     Carnes made a prompt complaint about the police misconduct to Chicago's Civilian Office of Police Accountability, which logged his complaint as number 0000571.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 24.**

25.     As a result of the foregoing, Carnes was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, incurred physical harm, was deprived of his liberty, and suffered other damages.

**ANSWER: Defendants deny the allegations in Paragraph 25 and deny that Carnes was deprived of rights under the Fourth and Fourteenth Amendments, that he incurred physical harm, that he was unlawfully deprived of liberty and that he suffered damages.**

## JURY DEMAND

Defendants hereby demands trial by jury.

## AFFIRMATIVE DEFENSES

1.       Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979); *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 171 (4th Dist. 1994).

2.       Defendant Officers are entitled to qualified immunity as Chicago Police Department officers who performed discretionary functions. At all times materials to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances involved could have believed their actions to be lawful, in light of clearly established law and the information available to Defendant Officers during the events alleged in Plaintiff's Complaint. Defendant Officers are therefore entitled to qualified immunity on Plaintiff's claims under federal law.

3.       Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to Plaintiff's failure to take reasonable action to minimize those damages.

4.       To the extent Plaintiff alleges state law claims, Defendant Officers cannot be liable for injury resulting from an act or omission in determining policy when exercising discretion or determining policy. 745 ILCS 10/2-201, 2-109.

5.       Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation

because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

6.      To the extent Plaintiff alleges state law claims, Defendant Officers cannot be liable for injury resulting from an act or omission of another person. 745 ILCS 10/2-204.

7.      To the extent Plaintiff alleges state law claims, the Tort Immunity Act provides absolute immunity to Defendant Officers for failure to provide adequate police protection or service. 745 ILCS 10/4-102.

8.      To the extent Plaintiff alleges state law claims, the Tort Immunity Act protects Defendant Officers from liability for any act or omission performed in the execution or enforcement of any law where such act or omission does not constitutes willful and wanton conduct. 745 ILCS 10/2-202, 2-109.

WHEREFORE Defendants pray this Honorable Court for an order dismissing, with prejudice, the Complaint, awarding them costs, and for such other and further relief as this Honorable Court may deem just and equitable in the premises.

Respectfully submitted,

/s/ Eileen M. Letts
Attorney Eileen M. Letts
/s/ Peter F. Heraty
Attorney Peter F. Heraty
Special Assistant Corporation Counsel
ZUBER LAWLER & DEL DUCA LLP
135 S. LaSalle Street Suite 4250
Chicago, IL 60603

Attorneys for Defendants
Officer Swank and Officer Delgado

CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing **ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES OF OFFICER DELGADO AND OFFICER SWANK** to be served via electronic notification, upon the person named below, on this 21st day of December 2020.

Kenneth N. Flaxman
knf@kenlaw.com
Joel A. Flaxman
jaf@kenlaw.com
200 S. Michigan Avenue, Ste. 201
Chicago, IL 60604
(312)427-3200

/s/ Eileen M. Letts
Attorney Eileen M. Letts
/s/ Peter F. Heraty
Attorney Peter F. Heraty
Special Assistant Corporation Counsel
ZUBER LAWLER & DEL DUCA LLP
135 S. LaSalle Street Suite 4250
Chicago, IL 60603


Attorneys for Defendants
Officer Swank and Officer Delgado