IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jeana K. Reinbold, solely as Chapter 7 Trustee of the Bankruptcy Estate of Chauncey Ramon Carnes, | ) ) ) ) | |
| *Plaintiff,* | ) ) | 20-cv-6214 |
| -vs- | ) ) | |
| City of Chicago and Chicago Police Officers Delgado #4780 and Swank, #11337, | ) ) ) ) | *(Judge Valderrama)* |
| *Defendants.* | ) | |

## AMENDED COMPLAINT

Plaintiff files this amended complaint with the written consent of counsel for defendants and, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

**Plaintiff**

2. Plaintiff Jeana K. Reinbold brings this action solely in her capacity as Chapter 7 Trustee of the Bankruptcy Estate of Chauncey Ramon Carnes.

3. Carnes filed a chapter 7 bankruptcy case in the United States Bankruptcy Court for the Central District of Illinois on April 29, 2020 which was assigned case number 20-80509. Plaintiff was appointed as chapter 7 trustee of Carnes's bankruptcy case on that date and continues to serve as trustee of the case.

4. Pursuant such appointment, Plaintiff is charged with the duties of collecting and reducing to money the property of the bankruptcy estate for which the trustee serves for the benefit of the bankruptcy estate.

5. Upon the filing of the bankruptcy case, Plaintiff became the owner and real party in interest with respect to the claims set forth in this complaint.

6. On August 5, 2020, Plaintiff's application to hire undersigned counsel to assist the Plaintiff in pursuing and prosecuting the claims set forth in this complaint was allowed by the Bankruptcy Court.

**Defendants**

7. Defendant City of Chicago is a municipal corporation organized and existing under the laws of the State of Illinois. Plaintiff asserts state and federal claims against the City.

8. Defendant Chicago Police Officer Delgado, #4780 and Chicago Police Officer Swank, #11337 were at all times relevant acting under color of their office as police officers of defendant City of Chicago. Plaintiff sues defendants Delgado and Swank in their individual capacities.

**Chauncey Carnes and SORA**

9. Chauncey Carnes is an African-American male who is required to register under the Sex Offender Registration Act ("the Act" or "SORA"), 730 ILCS 150/1 et seq.

10. The Act requires persons subject to that statute to register with the police department of the municipality in which they reside at least once every year and imposes criminal penalties for failing to register.

11. At all times relevant, Illinois law has required that persons required to register are not entitled to obtain or renew a driver's license without registering under SORA.

12. Carnes resided in Chicago and registered with the Chicago police department until 2015; Carnes thereafter moved to Rock Island, Illinois, notified Chicago of his new residence, and registered in Rock Island, Illinois.

**The Traffic Stop**

13. On February 2, 2020 at about 10:00 p.m., Carnes was lawfully operating his motor vehicle in the City of Chicago, traveling westbound on 57th Street in the vicinity of South Stewart Avenue.

14. At the above-referred date, time, and place, defendants Delgado and Swank stopped Carnes's vehicle and ordered Carnes to produce documents showing that he was lawfully operating the vehicle.

15. Neither defendant Delgado nor defendant Swank had a lawful basis to conduct the traffic stop and appear to have been motivated by their perceptions of Carnes's race.

16. Carnes complied with the officers' order and produced the requested documents, including a valid Illinois driver's license, showing that he lived in Rock Island, Illinois.

17. Defendants Delgado and Swank instructed Carnes to remain in his car while they walked to their police vehicle.

18. While in their vehicle, defendant Delgado or Swank used the data terminal installed in the vehicle to conduct a "name check" of plaintiff.

**The "Name Check"**

19. The City of Chicago maintains a computer database known as the "Citizen Law Enforcement Analysis and Reporting" System ("CLEAR System").

20. Chicago maintains in the "CLEAR System" a variety of information, including:

   a. driver's license address and date of expiration;
   b. arrest warrants;
   c. whether the suspect, while a resident of the City of Chicago, has registered under SORA and, if so, the date of last registration; and
   d. criminal history.

21. A subset of the information contained in the "CLEAR System" is available to Chicago police officers through data terminals installed in police vehicles and was available to defendants Delgado and Swank on February 2, 2020.

22. The "name check" initiated by defendants Delgado and Swank showed that Carnes had been convicted of a felony, was required to register under the Act, and had a valid Illinois driver's license showing that Carnes lived in Rock Island, Illinois.

23. A reasonably prudent police officer would not have believed from the information available to Delgado and Swank after they received the results of the "name check" that Carnes was subject to arrest for failing to have registered under the Act.

24. Defendants Delgado and Swank were plainly incompetent when they could not to determine from the "name check" whether Carnes had failed to register under the Act.

25. After receiving the results of the name check, defendants Delgado and Swank requested the dispatcher from defendant Chicago's Office of Emergency Management and Communication ("OEMC") to determine if Carnes was required to register under the Act.

26. The OEMC dispatcher responded that Carnes had a valid Illinois driver's license, lived in Rock Island, Illinois, and was required to register under the Act.

27. The OEMC dispatcher also told Delgado and Swank that Carnes had last registered in Chicago in 2015.

28. As the direct and proximate result of the municipal policy described below, the OEMC dispatcher did not tell Delgado and Swank that Carnes was lawfully registered in Rock Island, Illinois and not subject to arrest for violation of SORA.

29. Shortly after receiving information from the OEMC dispatcher, Delgado and Swank returned to Carnes, ordered him to step out of the car and handcuffed him.

30. Neither defendant Delgado nor defendant Swank had a lawful basis to perform the above-described acts; these officers thereby subjected Carnes to an unreasonable seizure in violation of the Fourth Amendment.

31. Defendants Delgado and Swank continued to detain Carnes while they searched his vehicle.

32. The search did not turn up any contraband or any evidence of a crime.

33. Neither defendant Delgado nor defendant Swank had a lawful basis to continue to detain Carnes or to search his vehicle; these officers thereby subjected Carnes to an unreasonable search and seizure in violation of the Fourth Amendment.

34. Carnes remained at the scene with defendants Delgado and Swank until additional officers arrived. At the direction of defendants Delgado and Swank, these officers searched Carnes and transported him to the Seventh District police station.

35. Neither defendant Delgado nor defendant Swank had a lawful basis to order the continued detention of Carnes or to order the search of his

person; these officers thereby subjected Carnes to an unreasonable search and seizure in violation of the Fourth Amendment.

36. As a direct and proximate result of the above described acts, Carnes was searched and detained in a cell at the Seventh District police for several hours until defendant Delgado or defendant Swank informed Carnes that there was no basis for his detention.

37. Carnes was released shortly thereafter without any charges after Delgado or Swank had admitted that there was no basis for his detention.

38. Carnes made a prompt complaint about the police misconduct to Chicago's Civilian Office of Police Accountability, which logged his complaint as number 0000571.

**The Municipal Policy**

39. Chicago does not include in its "CLEAR System" information about whether a person who at one time registered in the City of Chicago has moved to another city and is in full compliance with the Act.

40. Defendant City of Chicago has at all times relevant known that the "CLEAR System" does not provide accurate, up to date information about whether a person who at one time registered with Chicago has moved from Chicago and is no longer required to register with the Chicago police department.

-7-

41. The City of Chicago maintains a written policy to implement the Act. A copy of that policy, known as Chicago Police Department Special Order SA02-05-06, is attached to this complaint.

42. The City, in its written policy, acknowledges that the Illinois State Police can provide information through the "LEADS" system about whether a person required to register under the Act is currently registered.

43. At all times relevant, the City of Chicago has not provided its police officers information from the "LEADS" system about whether a person required to register under the Act is currently registered.

44. Information obtainable from the "LEADS" system on February 2, 2020 showed that Chauncey Carnes was in full compliance with SORA.

45. As of the filing of this amended complaint, there are more than 100 persons who appear in the CLEAR System as subject to arrest for having failed to register in the City of Chicago, even though each of those persons moved from Chicago and lawfully registered in another municipality.

46. Chauncey Carnes appeared in the CLEAR System on February 2, 2020 as a person subject to arrest for failure to register.

47. Carnes continues to appear in the CLEAR System as a person subject to arrest for failure to register as of the date of the filing of this amendment.

48. As a result of the foregoing, Carnes was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, incurred physical harm, was deprived of his liberty, and suffered other damages.

49. Plaintiff hereby demands trial by jury.

WHEREFORE Plaintiff requests that judgment be entered in favor of Jeana K. Reinbold, solely as Chapter 7 Trustee of the Bankruptcy Estate of Chauncey Ramon Carnes and against all defendants for appropriate compensatory and, against defendants Delgado and Swank, appropriate punitive damages, and that the Court enter a declaratory judgment that defendant City of Chicago is liable as the indemnitor of defendants Delgado and Swank for any award of compensatory damages. Plaintiff also requests that the Court award fees and costs against Defendants.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 830399
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
knf@kenlaw.com
*Attorneys for Plaintiff*